## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DENNEMEYER & CO., LLC,            )
                                  )
            Plaintiff,            )
                                  )
     v.                           )        Civil Action No.06-2116 (RMC)
                                  )
RALPH G. SCHROEDER                )
                                  )
            Defendant.            )

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
### PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

Comes the Defendant, Ralph G. Schroeder ("Schroeder") by his counsel, Jeremy Simon

of Thompson, Loss & Judge, LLP and Adrian Mendoza of Lillig & Thorsness, Ltd. and submits

this memorandum of law and attached affidavit in opposition to Plaintiff's, Dennemeyer & Co.,

LLC, Motion for Temporary Restraining Order.

**I.   There is no threat of irreparable harm to Plaintiff who has known of the dispute
involving the Executive Employment Agreement non-competition provision since October
16, 2006 and of Defendant's employment with Anaqua since November 21, 2006.**

Plaintiff is seeking to temporarily enjoin the Defendant from working pursuant to two

separate covenants not to compete. Plaintiff's request for a Temporary Restraining Order should

be denied for a number of reasons: (1) there is no threat of irreparable injury to Plaintiff; (2)

Schroeder will be irreparably damaged if the requested relief is granted; (3) Dennemeyer does

not have a high likelihood of success on the merits of the claims that Defendant has breached the

two agreements; (4) there is no public interest demanding enforcement of the agreements.

From November 6, 2003 through October 16, 2006 Defendant was employed as the

President of Dennemeyer & Co., LLC pursuant to the Executive Employment Agreement

attached to Plaintiff's Verified Complaint. On October 16, 2006 Schroeder tendered a

termination of employment letter (the "Termination Letter") to Dennemeyer & Co., LLC and its

members.   A copy of the Termination Letter is attached to Schroeder's affidavit which is

attached hereto as Exhibit "A."

Schroeder notified Plaintiff that his termination was effective immediately and made

pursuant to Section 7(f) of the Agreement which states as follows:

> (f) <u>Good Reason</u> - The Executive shall have the right to terminate his employment
> for Good Reason under the following circumstances: (i) the failure by the
> Company to pay to the Executive the Salary and Bonus, if any, in accordance with
> Sections 3 and 4 hereof, except if such missed payment is legitimately caused by
> the financial inability to pay; (ii) the failure of the Company to provide the
> benefits in accordance with Section 5; *(iii) a material diminution in the
> Executive's responsibilities or authority; (iv) failure on the part of Company to
> provide reasonable financial and/or human resources necessary to allow business
> performance success;* (v) a requirement that the Executive relocate outside of the
> United States; or (vi) the failure of any successor to all or substantially all of the
> business and/or assets of the Company to assume the Agreement.  The date of
> termination of the Executive's employment under this Section 7(f) shall be the
> date the Executive gives the Company written notice of a termination for Good
> Reason setting forth the basis for such termination. (Emphasis added).

Schroeder's Termination Letter set forth some of the factors which demonstrated a

material diminution in his responsibilities or authority and a failure on the part of the Company

to provide reasonable financial and/or human resources necessary to allow business performance

success.

That Schroeder's October 16, 2006 termination was for "good reason" is pertinent to the

non-competition provision sought to be enforced by Plaintiff in light of Section 8(a) of the

Agreement which states, in pertinent part, as follows:

> (a) Upon any termination of this Agreement, all of the rights, privileges and duties
> of the Executive hereunder shall cease, except for his rights under this Section 8
> and his obligations as defined under Sections 9, 10, 11 and 12 hereunder, *except
> that in the case of . . . Termination for Good Reason. . ., Executive's obligations
> under Section 11 shall not apply.*

Upon receipt of the Termination Letter Plaintiff did not object to Schroeder's position that the termination was for "good reason" as set forth in Section 7(f) of the Agreement. Although the termination was effective immediately Dennemeyer requested Schroeder to remain in his position for a limited time and assist Dennemeyer in transitioning, including assisting an interim president. Schroeder agreed and assisted in that transition up to and including November 15, 2006.

On or about November 9, 2006 Schroeder learned that for the first time from Plaintiff's counsel that Plaintiff did not agree that Schroeder's termination was for good reason and that Plaintiff believed the non-competition provision contained in the Agreement to be enforceable. Nevertheless, Schroeder continued to assist Plaintiff with its transition period until November 15, 2006.

On November 16, 2006 Schroeder filed a Verified Complaint against Dennemeyer & Co. in the Circuit Court for the Eighteenth Judicial Circuit in DuPage County, State of Illinois. ("Exhibit "B"). Schroeder's Complaint seeks a declaration of his rights under the Executive Employment Agreement as to whether he is prohibited from competing with Dennemeyer & Co. Schroeder's Complaint also seeks the recovery of monies owed by Dennemeyer & Co. to Schroeder pursuant to the Executive Employment Agreement. Dennemeyer & Co. was served with summons and a copy of Schroeder's Complaint on November 29, 2006.

On November 21, 2006 Schroeder's counsel notified Plaintiff's counsel in writing that Schroeder had accepted a position with Anaqua, the entity that Plaintiff asserts to be a main competitor.

There is no threat to Plaintiff because Schroeder's new employer, Anaqua, does not compete with Plaintiff in the field of patent annuity services. Anaqua is engaged in the

3

intellectual property computer software field. Since joining Anaqua Schroeder has not contacted any existing clients of Plaintiff nor has he attempted to convince any employees of Plaintiff to join him at his new employer.

There is no danger of irreparable harm to Plaintiff if the requested relief is not granted. Plaintiff has known since October 16, 2006 when Schroeder terminated for "Good Reason" that Schroeder was not bound by the non-competition provision of the Executive Employment Agreement. Plaintiff has known since November 21, 2006 that Schroeder had accepted a position with an entity that Plaintiff claims to be a competitor. Finally, Plaintiff was served on November 29, 2006 with Schroeder's Complaint which seeks a declaration of his rights and obligations under the Executive Employment Agreement. Despite all of this knowledge, Plaintiff has not asserted for nearly two months that it is in danger of suffering irreparable harm. Plaintiff has sat on its hands while allowing time to pass and allowing Schroeder to work for a "competitor" and only now claims that it is in danger of suffering irreparable harm.

**II. _There is not a substantial likelihood that Plaintiff will prevail on the merits because Schroeder's termination was for "Good Reason", the non-competition provision is unreasonable in scope and time and it impermissibly restricts Schroeder's ability to <u>practice in the legal field.</u>**

During the initial employment negotiations in 2993 Plaintiff promised Schroeder that Plaintiff would provide Schroeder with the financial and human resources support necessary to allow Schroeder to achieve business success. For the reasons set forth in Schroeder's Verified Complaint filed in Illinois Plaintiff failed to provide those resources.

Schroeder's termination of his employment was for good reason which released him from any non-competition obligations under the Executive Employment Agreement. Notably, Dennemeyer nowhere alleges, or even mentions, that Schroeder terminated for good reason.

Accordingly, that issue is undisputed and precludes Dennemeyer from asserting a breach of the non-competition provision in the contract.

In addition, the three (3) year time restriction contained in the Executive Employement Agreement is not reasonable, the geographic restriction is undefined, and neither restriction is reasonably necessary to protect Plaintiff's interests.

Further, the non-competition provision constitutes an impermissible restriction on Schroeder's ability to practice law as an attorney licensed in the State of Illinois.

Rule 5.6 of the Illinois Supreme Court Rules of Professional Conduct entitled "Restrictions on Right to Practice" provides in pertinent part:

> "A lawyer shall not participate in offering or making:
>
> (a) a partnership or employment agreement that restricts the rights of a lawyer to practice after termination of the relationship, except an agreement concerning benefits upon retirement * * *." 134 Ill.2d R. 5.6(a).

As an attorney licensed to practice law in the State of Illinois Schroeder could potentially seek employment with a private law firm or with a private company where his employment would involve similar aspects of intellectual property law, such as patent annuities or software development.

For these reasons, it is unlikely that Plaintiff will prevail on the merits regarding the claims stemming from the Executive Employment Agreement.

**III. _There is not a substantial likelihood that Plaintiff will prevail on the merits involving the Asset Purchase Agreement because neither Plaintiff nor Schroeder are parties or signatories to the Asset Purchase Agreement.**

Plaintiff seeks to enforce a non-competition provision contained in an Asset Purchase Agreement between Dennemeyer & Co Sarl a limited liability company organized under the laws of Luxembourg, and Vinsoft Solutions, Inc. This court should refuse to consider any of the

arguments stemming from this claim because Plaintiff has no standing to bring the claim and Schroeder is not a party to the Asset Purchase Agreement. A plaintiff must assert his own legal rights, not those of a third party. <u>National Tank Truck Carriers v. Louis</u>, 550 F.Supp. 113 (1982).

Plaintiff Dennemeyer & Co., LLC is a limited liability company organized under the laws of the Commonwealth of Virginia.  Plaintiff is not a party to the Asset Purchase Agreement which it seeks to enforce.  Rather, it is a Luxembourg company, Dennemeyer & Co. Sarl that entered into the Asset Purchase Agreement.  The two companies are separate and distinct. Schroeder was never employed by Dennemeyer & Co. Sarl.

Following accepting employment with Plaintiff Schroeder complied with the provision in his Executive Employment Agreement that requested he reduce his shares in Vinsoft by relinquishing all shares to Vinsoft prior to the end of 2003.  Schroeder sent an email via Plaintiff's computer network to Paul Dennemeyer and John Dennemeyer to this effect. Schroeder denies that he at the time the Asset Purchase Agreement was signed he was an employee, director, officer or shareholder of Vinsoft.  Schroeder admits that he received payment from Vinsoft for his shares as Vinsoft received payment from Dennemeyer & Co Sarl.

**IV. Schroeder will be irreparably harmed by the entry of a TRO because it would deprive him of his sole source of income and no public interest will be served by the issuance of a TRO.**

Schroeder's sole source of income stems from his employment with Anaqua and the entry of a restraining order would deprive him of his income much to his detriment.  It would also potentially harm his professional reputation.  Finally, there is no public interest that would be served by the entry of a restraining order between these two parties.  This is particularly true where Plaintiff has sat idly by for two months and taken no action to protect its purported interests.

WHEREFORE, Defendant Ralph Schroeder, respectfully requests that this Honorable

Court deny Plaintiff's request for a temporary restraing order for the reasons set forth herein.


Dated: December 14, 2006

                                        Respectfully submitted,

                                        RALPH G. SCHROEDER

                                        /s/ Jeremy S. Simon
                                        Jeremy S. Simon, D.C. Bar No. 447956
                                        THOMPSON, LOSS & JUDGE LLP
                                        Two Lafayette Centre
                                        1133 21st Street, NW
                                        Suite 450
                                        Washington, DC  20036
                                        Telephone:  (202) 778-4060
                                        Facsimile:  (202) 778-4099

                                        Of Counsel
                                        Adrian Mendoza
                                        LILLIG & THORSNESS, LTD.
                                        1900 Spring Road
                                        Suite 200
                                        Oak Brook, IL 60523
                                        Telephone: (630) 571-1900
                                        Facsimile: (630) 571-1042

## CERTIFICATE OF SERVICE

I hereby certify that, on this 14th day of December 2006, I caused to be served a true and correct copy of the foregoing and accompanying memorandum by facsimile and first-class mail, postage pre-paid, to the party listed below.

Todd A. Bromberg
Wiley Rein & Fielding LLP
1776 K. Street, NW
Washington, D.C. 20006

Counsel for Dennemeyer & Co., LLC

/s/ Jeremy S. Simon
Jeremy S. Simon

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

DENNEMEYER & CO., LLC,    )
            )
    Plaintiff,     )
            )
    v.       )  Case No._____
            )
RALPH G. SCHROEDER    )
            )
    Defendant.   )

## DECLARATION OF RALPH G. SCHROEDER

Ralph G. Schroeder, being first duly sworn on oath, deposes and states that if he were called to testify, he would do so to the best of his knowledge and belief as follows:

1.  I am a citizen of the State of Illinois and reside in the Village of Burr Ridge, County of Cook, State of Illinois.

2.  I was previously employed by Defendant Dennemeyer & Co., LLC pursuant to an Executive Employment Agreement, a copy of which is attached as Exhibit A to Plaintiff's Complaint. To the best of my knowledge, Dennemeyer & Co., LLC is a limited liability company organized under the laws of the Commonwealth of Virginia.

3.  On October 16, 2006 I terminated my employment with Dennemeyer & Co., LLC in writing, pursuant to Section 7(f) of the Executive Employment Agreement (Good Reason) and made certain money demand pursuant to the terms of the Agreement which are still due and owing.

4.  Subsequent to October 16, 2006, Dennemeyer & Co., LLC requested that I continue to work for another month in order to assist in transition. I agreed to this request and remained until November 16, 2006.

5.  On November 16, 2006 I caused to be filed in the Circuit Court for the Eighteenth Judicial District, County of DuPage, State of Illinois, a Complaint naming Dennemeyer & Co., LLC as a Defendant and seeking a declaration of rights under the Executive Employment Agreement and award



of monies due me.  Service was effected on Dennemeyer & Co., LLC on November 29, 2006.
Dennemeyer & Co., LLC has removed that action to the Northern District of Illinois.

6.    On November 9, 2006 my notification to Dennemeyer & Co., LLC of my termination for
Good Reason pursuant to Paragraph 7(f) was challenged by Dennemeyer & Company Co. LLC's
counsel.

7.    On November 21, 2006, my counsel advised counsel for Dennemeyer & Co. LLC that I
had accepted a position with Anaqua.

8.    At the time of the execution of the Asset Purchase Agreement dated February 5, 2004
between Vinsoft Solutions, Inc. and Dennemeyer & Co., Sarl, I was not a shareholder of Vinsoft
Solutions, Inc.

9.    At no time prior to accepting employment with Anaqua did I disclose any confidential
information concerning Dennemeyer.

10.    Since being employed with Anaqua I have not contacted or endeavored to bring clients of
Dennemeyer & Co., LLC to Anaqua or solicited employees of Dennemeyer & Co. LLC to join me.

11.    Anaqua does not compete with Dennemeyer & Co., LLC in the area of patent annuity
services.  Anaqua only provides intellectual property computer software services to its clients.

12.    I complied with the stated preference of Dennemeyer & Co., LLC as stated in paragraph
1(g) concerning divesting myself of shares of Vinsoft Solutions, Inc. after entering into the Executive
Employment Agreement but before the end of 2003.

13.    My employment with Anaqua is my sole source of income and being prohibited from
that employment would cause irreparable harm.

14.    Prior to the end of 2003 I had resigned any and all employee, officer or director positions
with Vinsoft Solutions, Inc. I have received payment from Vinsoft Solutions Inc for my shares.

15.     I was not a signatory to the Asset Purchase Agreement between Vinsoft Solutions, Inc.

and Dennemeyer & Co., Sarl.

16.     At no time was I an employee of Dennemeyer & Co., Sarl.

I, Ralph G. Schroeder, declare under penalties as provided by law, that the statements set forth in this memorandum are true and correct based upon my personal knowledge, except as to matters stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true

Executed on December 14, 2006.

_____
Ralph G. Schroeder

3

October 16, 2006

Dennemeyer Shareholders and Management;

Pursuant to Section 7(f) of my Executive Employment Agreement, ("the Agreement"), I am as of today's date terminating my employment with Dennemeyer ("the Company").

This step represents the culmination of many factors that have, in the aggregate, resulted in a material diminution in my responsibilities and authority, and which has hindered my ability as President to be effective lead the U.S. business.

First, the lack of a fully legalized U.S. business, the failure to appoint me to a formal U.S. Board of Directors, and the failure to afford me direct participation in Luxembourg affairs – all of which are mandated by the agreement– has severely limited my ability to positively contribute to the Company and, ultimately, stifles the U.S. business, not to mention my personal career and financial growth.  Second, the type and style of certain Shareholder's involvement in U.S. operations – often by contravening or circumventing my directives – seriously undermines my authority and disrupts business operations, not to mention causes staff instability, concern and confusion. Finally, there is a fundamental disagreement as to the financial and human resource support that is required to be successful in the U.S. market.  I have, on numerous occasions raised all of these issues to the Company as serious concerns–to no avail. This list is intended to be illustrative, but not exhaustive of the impediments to success placed before me by the Company.

The following sums are due me from the Company and are payable at the next regular payroll on October 31, 2006:

| Type | Amount |
|------|--------|
| Vacation payout - 20 days | $12,297 |
| 2005 performance bonus - 17.5% | $10,922 |
| Software commission - Current Payable | $9,471 |
| Software commission - Earned | $34,553 |
| Annuities commission | $3,500 |
| Section 7(f) provision - 8 months | $106,575 |
| | |
| TOTAL | $177,318 |

According to the applicable notice provisions, this termination is effective immediately.  I have closed as many urgent matters as possible.  If desired by the Company, I am willing to provide transition assistance.  Otherwise I will vacate my office as of today October 16, 2006, and immediately return all Company property to the Chicago office.

Ralph G. Schroeder

"B"